Hoxha v. Holder

BIA
Vu Bain, IJ
A097 849 222

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand thirteen.

PRESENT:
    ROBERT A. KATZMANN,
            *Chief Judge*
    JON O. NEWMAN,
    RALPH K. WINTER,
            *Circuit Judges*.

_____

LULZIM HOXHA,
        *Petitioner*,

                                    12-814
    v.                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Bruno Joseph Bembi, Hempstead, NY.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; William C.
                       Peachey, Assistant Director and
                       Andrew B. Insenga, Trial Attorney,
                       Office of Immigration Litigation,
                       Civil Division, United States
                       Department of Justice, Washington,
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Lulzim Hoxha, a native and citizen of Albania, seeks review of a February 1, 2012, decision of the BIA affirming the January 20, 2010, decision of Immigration Judge ("IJ") Quynh Vu Bain denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Lulzim Hoxha*, No. A097 849 222 (B.I.A. Feb. 1, 2012), *aff'g* No. A097 849 222 (Immig. Ct. N.Y. City Jan. 20, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Hoxha does not meaningfully challenge the denial of CAT relief, we address only asylum and withholding of removal. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007).

Hoxha contends that he demonstrated his asylum claim by establishing a well-founded fear of persecution based on

evidence that members of the Albanian Socialist Party persecuted him due to his participation in the Albanian Democratic Party. Although, because the BIA assumed past persecution, Hoxha was presumed to have a well-founded fear of persecution, the agency reasonably found that the government rebutted that presumption by establishing that the circumstances in Albania have fundamentally changed. *See* 8 C.F.R. § 1208.13(b)(1). According to the 2008 State Department Human Rights report and other State Department reports on which the agency relied, the Albanian government has engaged in electoral reform, democratized, and undergone peaceful transitions between governments. The reports also note that the Democratic Party, which Hoxha supports, gained control of the Albanian Parliament in 2005, and that there has since been no evidence of systemic political persecution.

Contrary to Hoxha's assertions, the Socialist Party's continued control of some local governments and engagement in violence unrelated to politics do not negate this fundamental change in inter-party relations. Absent contradictory evidence that the Socialist Party targets members of the majority Democratic Party, the IJ reasonably relied on these reports to conclude that Hoxha no longer has

3

a well-founded fear of persecution. *See* 8 U.S.C. § 1252(b)(4)(B) (providing that an IJ's factual findings will be upheld unless a reasonable adjudicator would be compelled to conclude to the contrary); *Hoxhallari v. Gonzales*, 468 F.3d 179, 185-86 (2d Cir. 2006) (finding material change in Albania given State Department reports identifying Albania as moving away from Communism and towards democracy). Given this change, there was no objectively reasonable fear of future persecution as needed to make out an asylum claim; consequently, Hoxha was also unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

Additionally, the agency did not abuse its discretion in concluding that Hoxha did not demonstrate "compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution" pursuant to 8 C.F.R. § 1208.13(b)(1)(iii)(A); *see Matter of Chen*, 20 I. & N. Dec. 16 (BIA 1989). The agency reasonably concluded that Hoxha did not present sufficient evidence demonstrating that his current psychological symptoms are severe or arose from the severity of the past persecution given that his psychologist could not account for the origin

4

of Hoxha's symptoms of forgetfulness and nightmares or describe their frequency or intensity and testified that his symptoms did not interfere with his daily functioning. *See* 8 U.S.C. § 1252(b)(4)(D); *Jalloh v. Gonzales*, 498 F.3d 148, 151-52 (2d Cir. 2007) (finding no abuse of discretion in denial of humanitarian asylum when there was insufficient evidence of long-lasting physical or mental effects due to persecution); *Hoxhallari*, 468 F.3d at 184 (upholding the denial of humanitarian asylum to a supporter of the Democratic Party in Albania who had been beaten and harassed on six occasions); *Wu Zheng Huang v. INS*, 436 F.3d 89, 97 n.9 (2d Cir. 2006) (noting that an abuse of discretion may be found "where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements" (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001))).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5